UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOSEPH PILEWSKY,

        Plaintiff,

vs.                          Case No. 2:06-cv-366-FtM-29SPC

MICHAEL J. ASTRUE, Commissioner of
Social Security,

        Defendant.
_____

**OPINION AND ORDER**

This matter is before the Court on consideration of Magistrate Judge Sheri Polster Chappell's Report and Recommendation (Doc. #19), filed on June 25, 2007, recommending that the Commissioner's decision to deny social security disability benefits be reversed and remanded with instructions to the Commissioner. No objections have been filed, and the time to do so has expired.

The Court reviews the Commissioner's decision to determine if it is supported by substantial evidence and based upon proper legal standards. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158 (11th Cir. 2004). Substantial evidence is more than a scintilla but less than a preponderance, and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. Moore v. Barnhart, 405 F.3d 1206, 1211 (11th Cir. 2005); Crawford, 363 F.3d at 1158. Even if the evidence preponderates against the Commissioner's findings, the Court must affirm if the decision

reached is supported by substantial evidence.  Crawford, 363 F.3d at 1158-59.  The Court does not decide facts anew, make credibility judgments, reweigh the evidence, or substitute its judgment for that of the Commissioner.  Moore, 405 F.3d at 1211; Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005).  The magistrate judge, district judge and appellate judges all apply the same legal standards to the review of the Commissioner's decision.  Dyer, 395 F.3d at 1210; Shinn v. Comm'r of Soc. Sec., 391 F.3d 1276, 1282 (11th Cir. 2004); Phillips v. Barnhart, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004).

The Report and Recommendation finds that the ALJ erred in failing to articulate the weight given to State agency consultants and the reasons for discounting their determination plaintiff could only perform light work.  This omission also potentially impacted the need for a vocational expert.  After an independent review, the Court agrees with the findings and recommendations in the Report and Recommendation (except for the typographical error on page three where the date should be May 10, 2000, not 2007).

Accordingly, it is now

**ORDERED**:

1.  The Report and Recommendation (Doc. #19) is **accepted and adopted** by the Court.

2.  The Decision of the Commissioner of Social Security is **reversed** and the matter is **remanded** to the Commissioner of Social

Security pursuant to sentence four of 42 U.S.C. § 405(g) so that the Commissioner can (a) review the opinions of the State Agency Consultants and state with particularity the eight given different medical opinions and state the reasons for discounting their light work determination in favor of a medium work determination, and (b) in the event the Commissioner determines the plaintiff has a light work exertional level, thereby changing the Administrative Law Judge's medium work level determination, then the Commissioner shall call a vocational expert and pose new hypothetical question(s) with the relevant residual functional capacity.

3.  The Clerk of the Court shall enter judgment accordingly and close the file.

**DONE AND ORDERED** at Fort Myers, Florida, this __16th__ day of July, 2007.

*[signature: John E. Steele]*

JOHN E. STEELE
United States District Judge

Copies:
Hon. Sheri Polster Chappell
U.S. Magistrate Judge

Counsel of Record